IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RALPH E. MCCARTHY, )
               Plaintiff, )
v. ) No. 03-0907-CV-W-DW
)
BEAL BANK, SSB, *et al.*, )
               Defendants. )

**ORDER**

Before the Court is Defendant Beal Bank's motion for attorneys fees and expenses. (Doc. No. 83.) In the motion, Beal seeks an award of $97,044.50 in attorneys fees and $3,226.83 in litigation expenses. For the following reasons, the motion is granted.

Paragraph 11 of the Addendum to the Note reads:

If [borrower] default[s], whether or not the Note Holder has required [borrower] to pay immediately in full as described above, the Note Holder will have the right to be paid back by [borrower] for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees, collection of costs and expenses....

Pursuant to paragraph 11, Beal argues in the pending motion that it is entitled to recoup the expenses associated with its defense in this case. Beal, the note holder, contends that it successfully enforced the terms of the note against an attack by Plaintiff Ralph McCarthy. As a result, paragraph 11 mandates that McCarthy pay Beal's reasonable attorneys fees and expenses.

Under Missouri law, "[i]f a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party." Magna Bank of Madison Cty. v. W.P. Foods Inc., 926 S.W.2d 157, 162-63 (Mo. App. 1996)(citation omitted). This is rule applies where the contract is a promissory note. Id.

It is clear that Beal is the prevailing party in this case. See Doc. No. 85. Equally clear is paragraph 11 of the note, which provides for reimbursement to Beal, the note holder, of the attorneys fees and expenses associated with enforcing the note.[1] See Note at ¶11. Thus, under the binding law of the state of Missouri, this Court *must* award attorneys fees and expenses to Beal as long the request is reasonable.

On this issue, the Court finds Beal's attorneys fees request to be reasonable, even though it involves a significant amount – $97,044.50. This case started with a temporary restraining order and ended with a jury trial. The issues involved were complex and confusing (due in large part to the plaintiff's failure to articulate his claims). In short, this case was not an easy one to defend against. It is not surprising nor unreasonable, then, that defense counsel's law firm spent a substantial number of hours on the case – a total of 417.6 hours. Further, the hourly rates charged by the firm's attorneys and paralegals is reasonable given their legal experience. For these reasons, the Court approves Beal's attorneys fees request of $97,044.50.

In addition to attorneys fees, Beal asks that the Court award it the out-of-pocket expenses incurred during litigation. A total of $3,226.83 is sought, which includes $1,071.11 for photocopies, $944.60 for deposition transcripts, $700.13 for electronic legal research, $208.89 for postage and deliveries, $153.10 for telephone calls and faxes, and $150.00 for filing fees. The expenses, which have not been objected to by McCarthy, are approved by the Court with one exception. "[C]omputer-aided research, like any other form of legal research, is a component of attorneys' fees

---

[1] McCarthy argues that because Beal was the defendant in the case the bank cannot possibly be said to have "enforc[ed] this Note." Whether the case was brought by McCarthy or Beal is inconsequential. McCarthy initiated this suit to challenge Beal's forfeiture of his property. By defending against McCarthy's claims, Beal enforced the note and its interests under the instrument.

2

and cannot be independently taxed as an item of cost in addition to the attorneys' fee award." Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 (8th Cir. 1993) (citation omitted). After subtracting the legal research costs, the Court finds the expense request to be reasonable and awards Beal expenses in the amount of $2,526.70.

In conclusion, the Court finds Beal's request for attorneys fees and expenses reasonable and appropriate given the contractual terms of the promissory note. The Court grants the motion and awards Beal $97,044.50 in attorneys fees and $2,526.70 in litigation expenses.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: September 15, 2005